## O. HOLT v. COMMONWEALTH.

**Courts—Jurisdiction After Fixing Amount of Bail.**

After hearing all evidence, and entering up its judgment, fixing the amount of bail, and committing the accused to jail, the examining court, has discharged all its duties, and its jurisdiction terminates by operation of law.

**Same—Memorandum by The Court.**

Two days after the examining trial, the court changed its order of bail by increasing the amount from $500 to $1000. Held to be without his jurisdiction and without authority of law or judicial warrant.

**Bail Bond—Void when Amount Changed, After Examining Trial.**

A bail bond, cannot be changed after the examining trial, and a bond taken for a larger amount than that fixed at the trial is null and void.

**Courts—Official Acts of The Judge.**

In accepting a bail bond after commitment, the committing magistrate or county judge acts as a ministerial, and not as a judicial officer, and has no power to modify or revise such judgments or orders.

APPEAL FROM BALLARD CIRCUIT COURT.

November 1, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Robertson alias Holt, charged with felony, had an examining trial before the presiding judge of the Ballard county court, on the 16th day of February, 1869. He was required by said examining court to give bail in the sum of five hundred dollars for

his appearance at the next term of the Ballard circuit court, and in default thereof was committed to jail.

Two days thereafter said magistrate of his own motion, in the absence of the accused, and without even the forms of a judicial proceedings, made a memorandum (termed by him an order) upon the minutes of the examination to the effect that he had raised the amount of bail required from five hundred to one thousand dollars. On the 22d of February, appellant, as surety for the prisoner, executed to the Commonwealth a bond in said last amount, which was accepted by the committing magistrate, and the accused was released from custody.

This bond was forfeited, and a judgment rendered upon the forfeiture, and from said judgment an appeal is prosecuted to this court.

The examining court, after hearing all the evidence and entering up its judgment as to the probable guilt of the prisoner, fixing the amount of his bail, and committing him to jail by reason of his failure to give the same, had discharged all the duties imposed and exercised all the powers conferred upon it by law. As a *judicial tribunal* it was *functus officio.* Its jurisdiction had terminated by operation of law, and could not be revived at the mere will of the magistrate. Hence the memorandum, or order, increasing the amount of bail was wholly unauthorized and consequently null and void.

By section 61, Criminal Code,

"The defendant after commitment, and before the commencement of the next term of the court having jurisdiction to try the offense, may be admitted to bail in the sum *fixed by the committing magistrate,* by such committing magistrate, or by the judge of the county court."

In accepting the bail bond after commitment the commiting magistrate or county judge acts as a ministerial and not as a judicial officer. He can take a bond in the amount *"fixed by the committing magistrate"* and in no other amount. Ministerial officers enforce the judgments and orders of judicial tribunals, but they have no power to modify nor revise such judgments or orders. The committing magistrate could have required and accepted a bond of five hundred dollars, but in willfully and arbitrarily requiring the bond for one thousand dollars he acted without authority of law and without judicial warrant. It, therefore,

follows that said bond has no legal vitality, and is not binding upon the surety either as a statutory or common law obligation. It is not merely informal, as it might have been had it been taken for an improper amount through the inadvertance or mistake of the officer, but is absolutely void.

The judgment appealed from is, therefore, reversed, and the cause remanded, with instructions to dismiss the proceedings upon the alleged forfeiture.

*White & Reaves, for appellant.*